```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        |
LASYAH M. PALMER,                       |
                                        |
            Petitioner,                 |
                                        |   05 Civ. 9894 (KMW)
    -against-                           |
                                        |   MEMORANDUM OPINION
WILLIAM PHILLIPS, Superintendent,       |       AND ORDER
Green Haven Correctional Facility,      |
                                        |
            Respondent.                 |
                                        |
----------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

    Pro se Petitioner Lasyah M. Palmer seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to modify the calculation of his jail time by the New York State Department of Correctional Services ("DOCS"). By report and recommendation dated July 5, 2006 (the "Report"), Magistrate Judge Ronald L. Ellis recommended that this Court grant Respondent's motion to dismiss. For the reasons explained below, this Court agrees with the Report, and the petition is dismissed.

**BACKGROUND**

    Petitioner was convicted of first-degree robbery in 1992 and sentenced to three concurrent indeterminate terms of four to eight years. He was released on parole in March 1996. Two months later, the Department of Parole declared him delinquent for committing new offenses. Petitioner was convicted of first-

1

degree robbery, second-degree kidnaping, second- and fourth-degree grand larceny, second-degree burglary, and third-degree criminal possession of a weapon.  He was sentenced on July 21, 1997, to concurrent terms of twenty years, twenty years, seven-and-one-half to fifteen years, two to four years, fifteen years, and seven years, respectively.  His conviction was affirmed. People v. Palmer, 693 N.Y.S.2d 539 (App. Div.), leave denied, 93 N.Y.2d 1024, cert. denied, 528 U.S. 1051 (1999).

On July 28, 2000, Petitioner filed an application for habeas corpus, pursuant to 28 U.S.C. § 2254, raising a variety of constitutional challenges to his conviction.  Magistrate Judge Ellis recommended that the petition be dismissed, Palmer v. Greiner, No. 00 Civ. 6677 (WHP) (RLE), 2003 U.S. Dist. LEXIS 14974 (S.D.N.Y. Aug. 22, 2003), and the Court accepted the recommendation on March 29, 2004.  On May 20, 2005, the Second Circuit denied Petitioner's motion for a certificate of appealability ("COA").

Petitioner wrote to DOCS on December 15, 2003, arguing principally that he should have received credit on his current sentence for four years of time served on his 1992 conviction. On April 21, 2004, DOCS responded in writing, rejecting his argument.  Petitioner commenced an Article 78 proceeding in the Supreme Court, Dutchess County, on May 19, 2004.  The Supreme Court dismissed his petition; the Appellate Division denied leave

to proceed in forma pauperis, and the Court of Appeals refused to reconsider by order dated April 28, 2005. Palmer v. N.Y. State Dep't of Corr. Servs., 4 N.Y.3d 848 (2005).

On May 16, 2005, Petitioner filed a petition for habeas corpus in the Eastern District of New York. By order dated July 28, 2005, the court directed him to submit an amended petition that clearly specified the desired relief. Petitioner did so on August 17, 2005. That petition alleged that (1) the Appellate Division's rejection of Petitioner's application to proceed in forma pauperis amounted to an unconstitutional denial of access to the courts; (2) DOCS's refusal to credit Petitioner with jail time served on his 1992 conviction denied him equal protection of the laws; and (3) New York Penal Law § 70.25(2-a) is "unconstitutionally ambiguous." On October 12, 2005, the court held that Petitioner's claims about the denial of in forma pauperis status were not reviewable. The court construed the remaining claims as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, and it transferred the petition to the Southern District of New York.

On December 12, 2005, Petitioner filed an amended version of the instant petition, which maintains his challenge to his jail-time calculation but withdraws the claims relating to his in forma pauperis status. Respondent moved to dismiss the petition. Magistrate Judge Ellis's Report recommended that Respondent's

3

motion be granted.  Palmer v. Phillips, No. 05 Civ. 9894 (KMW) (RLE), 2006 U.S. Dist. LEXIS 46416 (S.D.N.Y. July 5, 2006).

**DISCUSSION**

**I.     The Petition Properly Arises Under § 2254**

The Report concluded that the Eastern District erred in recharacterizing Petitioner's challenge to his sentence as a petition for habeas corpus under 28 U.S.C. § 2241.  This Court agrees.  The Second Circuit has held that where a state prisoner challenges the calculation and application of his sentence by a state department of corrections, the petition is properly brought under 28 U.S.C. § 2254, not § 2241.  James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

Petitioner objects that this Court cannot consider his petition under § 2254 without giving him an opportunity to withdraw or amend it, citing Castro v. United States, 540 U.S. 375 (2003).  In Castro, the Supreme Court barred the lower court from recharacterizing, without warning, a pro se motion for a new trial as a petition for habeas corpus.[1]  The Court noted that such a recharacterization "may make it significantly more

---

[1] The case involved a federal prisoner whose motion was recharacterized under 28 U.S.C. § 2255, but the Castro rule applies equally to recharacterizations of motions as § 2254 petitions, Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003), and § 2241 petitions, Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004).

4

difficult for that litigant to file another such motion" and that unfairness might result "unless the court first warns the pro se litigant about the consequences of the recharacterization." Castro, 540 U.S. at 382.  Here, by contrast, Petitioner initially filed his petition under § 2254; he cannot now complain that he had no warning that the Court might indeed consider his petition according to the rules governing § 2254 petitions.  Moreover, Castro applies only where the recharacterized petition would be a petitioner's first habeas filing, lest subsequent petitions be barred as "second or successive."  Id. at 383.  Because this is not Petitioner's first § 2254 petition, he has already triggered any applicable "second or successive" bar, and so consideration under § 2254 will add no further adverse consequences for any future petition.

**II.   The Petition Is Not "Second or Successive"**

The Report concluded that the petition should be denied as a "second or successive" habeas petition.  28 U.S.C. § 2244(b). The district court denied Petitioner's first petition on March 29, 2004, and it refused to issue a COA.  The Second Circuit denied Petitioner's motion for a COA on May 20, 2005.  The instant petition was filed May 16, 2005, four days before the Second Circuit denied him a COA on his first petition.  The instant petition is thus not subject to the procedural and

substantive limitations governing "second or successive" habeas petitions. Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005).[2] The instant petition need not be considered a motion to amend the earlier petition, which is not before this Court. Id. at 119.[3]

III. **The Petition Is Untimely**

A state prisoner may file a § 2254 petition no later than one year from the last of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner was notified of the factual predicate of his claim on September 22, 1997, when DOCS informed

---

[2] The Report recommends that the petition be treated as second or successive, but in light of the holding of Whab, this Court does not accept the recommendation.

[3] Although the instant petition might not qualify as second or successive, "[t]raditional doctrines, such as abuse of the writ, continue to apply." Id. at 119 n.2. This Court need not consider the Government's argument that the petition is abusive, because the petition should be dismissed for untimeliness, as discussed below.

him of its jail-time computation.  His conviction became final on December 6, 1999, the date on which the United States Supreme Court denied his petition for a writ of certiorari.  Palmer v. New York, 528 U.S. 1051 (1999).  The petition does not allege any illegal state impediment or newly discovered constitutional right.  Accordingly, the Report found that the correct deadline for filing any § 2254 petition was December 6, 2000.

Petitioner is entitled to tolling of the limitations period during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  Petitioner first wrote to DOCS's Office of Sentencing Review on December 15, 2003, arguing that his term of imprisonment was improperly calculated.  (App. to Am. Pet. at A4.)  On April 21, 2004, Deputy Commissioner Anthony J. Annucci wrote him a letter stating that DOCS considered his sentence to have been calculated correctly.  (Id. at A13.)  Petitioner commenced an Article 78 proceeding on May 19, 2004.  (Id. at A17.)  The Supreme Court denied the petition, and the Appellate Division denied him the right to appeal that judgment in forma pauperis.  The Court of Appeals rejected his appeal of the Appellate Division's decision, concluding the period of collateral review, on April 28, 2005.  (Decl. of Ashlyn Dannelly, Ex. I.)  Even assuming arguendo that tolling should begin on the

7

date of Petitioner's first letter to DOCS,[4] the statute of limitations had already expired on that date (it expired on December 6, 2000).

Petitioner objects to the Report's conclusion that his petition is untimely.  He argues that the statute of limitations should run not from December 6, 1999, when the Supreme Court rejected his petition for certiorari, but from August 21, 2004, four months after he received Annucci's letter rejecting his request for recalculation.  See N.Y. C.P.L.R. § 217(1).  His contention is that DOCS's jail-time calculation did not become "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) until DOCS refused to recalculate it, because "[t]he calculation of jail time credit . . . involves a continuing, nondiscretionary, ministerial obligation."  Bottom v. Goord, 96 N.Y.2d 870, 872 (2001).

The Court disagrees.  The word "final" in § 2244(d)(1)(A) refers to a judgment of conviction, not to an administrative decision.  The case on which Petitioner relies, Cook v. New York State Division of Parole, 321 F.3d 274 (2d Cir. 2003), supports this view.  In Cook, the Second Circuit held that where a prisoner's habeas petition challenges his parole revocation, the

---

[4] In fact, it is possible that neither the letter nor the Article 78 proceeding tolls the statute of limitations.  See Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (refusing to credit Article 78 proceeding for tolling purposes where proceeding did not challenge legitimacy of petitioner's conviction).

statute of limitations runs not from the date of conviction but from the date of final revocation, because the revocation is the "factual predicate" for the petition.  Cook, 321 F.3d at 280.  The court did not treat the revocation as a "judgment" under § 2244(d)(1)(A).  In other words, a court considering the timeliness of a petition contesting an administrative decision should look to § 2244(d)(1)(D) rather than § 2244(d)(1)(A), which refers only to the date of conviction.  Accord Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002).

The question then becomes whether the "factual predicate" of the petition was first discoverable on September 22, 1997, when DOCS calculated Petitioner's sentence, or on August 21, 2004, four months after it refused to recalculate the sentence.[5]  The fact on which the petition is predicated is the initial calculation itself.  Petitioner became aware of that calculation on the earlier date but did not contest it for five years, including in his first, timely habeas petition, and he has pointed to no reason that prevented him from doing so.  Accordingly, this argument cannot save the petition from the

---

[5] Petitioner does not explain why the refusal to recalculate became final in August 2004 rather than on April 28, 2005, when the Court of Appeals rejected his appeal from denial of leave to proceed in forma pauperis, but the distinction is not significant for this analysis.

statute of limitations.[6] The Court therefore agrees with the Report that the petition is untimely.

**CONCLUSION**

For the reasons stated above, the petition is DISMISSED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c). The Clerk of Court is hereby directed to close this case.

SO ORDERED.
Dated:   New York, New York
         January 8, 2007

_____
Kimba M. Wood
United States District Judge

---

[6] Petitioner emphasizes the distinction between the discretionary revocation of parole in Cook and the nondiscretionary nature of jail-time calculations, but neither the Second Circuit nor the text of the statute makes any reference to that distinction.